IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS J. BLAKE,

            Plaintiff,

v.

KELLI WILLARD-WEST, *et al.*

            Defendants.

ORDER

21-cv-493-jdp

Plaintiff Thomas J. Blake alleges that prison officials violated his right to practice the Asatru religion by barring him from possessing certain religious items and denying him other religious accommodations. He brings claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act. Blake has filed a motion to compel discovery, dkt. 21.

First, he seeks an aerial picture of the Green Bay Correctional Institution grounds to show the area where the Pagan umbrella group has held services and where he believes a permanent sacred space for the Pagan umbrella group could be built. Defendants object, stating that for security reasons they will not provide prisoners with detailed images of the grounds. They also apparently do not have any aerial images aside from a very small image included on a GBCI fact sheet that they have turned over to Blake. Defendants' security rationale is sound here (even though Blake is no longer at GBCI) and they can't provide Blake with something they don't have. I will deny this portion of Blake's motion.

Second, Blake seeks archive copies of religious property charts going back to 2000. Defendants object, stating that they have given Blake charts from 2016 to the present and that his requests for documents further in the past are unduly burdensome and irrelevant to his claims, rooted in events beginning in 2019. In reply, Blake appears to limit his requests to the DAI 309.61.02 religious property chart and 309 IMP J6 ("Religious Beliefs and Practices-Wicca Religious

Practices") documents from 2002 to 2004, stating that religious allowances for "Northern Traditions" groups like his were first codified in that timeframe and that documents from that period would help to prove his discrimination claims. Blake has given a plausible explanation for why the documents might be useful, and it is unclear why tracking down archival policies would be unduly burdensome. So I will grant this portion of Blake's motion. Defendants may have until May 8, 2023, to either provide Blake with those documents or explain why they were unable to do so.

Third, Blake seeks information about Wisconsin inmate "security threat group" activity, particularly activity related to white hate groups and the Pagan umbrella group. The state objects, stating that this information cannot be shared with inmates "because it represents intelligence gathering for STG management within prison[s] and poses a security threat," dkt. 24, at 2. Defendants' security concern here is rational, so I will deny this part of Blake's motion. But if the state later defends against Blake's claims by claiming that certain religious restrictions are based on concerns about gang activity, then defendants should be prepared to submit their sensitive supporting evidence to the court *in camera* so that the court may review it and decide how to proceed.

ORDER

It is ORDERED that plaintiff's motion to compel discovery, dkt. 21, is GRANTED IN PART and DENIED IN PART in the manner set forth above.

Entered this 6th day of April, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge