IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS J. BLAKE,

                        Plaintiff,

    v.

KELLI WILLARD WEST,

                       Defendant.

ORDER

21-cv-493-jdp

---

Plaintiff Thomas J. Blake alleges that Wisconsin prison officials violated his right to practice the Asatru religion by barring him from possessing certain religious items and denying him other religious accommodations. This order addresses motions from both parties concerning the scope of the case.

## A. State's motion for reconsideration

Following my order granting defendants summary judgment on most of Blake's claims, only the following claims remain in the case: (1) Blake's claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act regarding a Valknot pendant; and (2) Blake's official-capacity free exercise claim for injunctive relief regarding delays in processing requests for religious accommodations.

The state moves to reconsider my summary judgment decision, stating that both of Blake's claims have been mooted by changes to DOC religious-item policies. Dkt. 148. Blake agrees that his RLUIPA claim regarding a Valknot pendant is now moot because he is allowed to possess it. So I will dismiss that claim.

The parties dispute whether Blake's free exercise claim about delays in processing requests for religious accommodations is moot. The state submits a revised version of its

religious-accommodations policy stating that the RPAC Executive Committee shall take no more than five months to make its decisions on prisoners' requests. But as Blake points out, this new policy includes a provision allowing DOC staff to extend this deadline for good cause. In denying summary judgment to defendants on this claim, I noted that the delays in approving these requests appeared to be caused by staff being overwhelmed with requests. Dkt. 124, at 24. It's unclear how a change in the policy's timing language would resolve the delays caused by the backlog. Because the state hasn't shown that this claim is genuinely moot, I will deny this portion of the state's motion for reconsideration, and the case will proceed to a court trial on this claim for injunctive relief.

## B. Blake's motion to supplement complaint

Blake moves to supplement his complaint under Federal Rule of Civil Procedure 15(d) with new First Amendment retaliation claims against defendant Kelli Willard West concerning her 2025 denials of his requests for religious accommodations. Dkt. 153. Blake alleges that Willard West made those denials at least in part because of this lawsuit, while disparaging his repeated efforts to request accommodations, deliberately delaying her rulings, and urging the warden to investigate him.

Leave "should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Wright & Miller, Federal Practice and Procedure § 1504 (3d ed.). I agree with the state that adding these new claims at this late date would unreasonably extend the schedule of this case—it would certainly require striking the July 27, 2026 trial date to accommodate an entirely new schedule to litigate the new claims. And I disagree with Blake's assertion that adding these

claims are necessary to resolve Willard West's full course of conduct: Blake has already filed a second case about additional denials of religious requests, No. 25-cv-718-jdp, including substantially similar retaliation claims to those he seeks to add to this case. I conclude that judicial economy and the rights of the parties are best served by conducting the July trial regarding delays in religious-accommodation decisions and fully litigating Blake's claims about the denied 2025 requests in the '718 lawsuit.

ORDER

IT IS ORDERED that:

1. The state's motion for reconsideration, Dkt. 148, is GRANTED in part. Plaintiff's RLUIPA claim regarding a Valknot pendant is DISMISSED as moot.

2. Plaintiff's motion to supplement his complaint, Dkt. 153, is DENIED.

Entered May 12, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3